**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**JACKSONVILLE DIVISION**

TRANSAMERICA LIFE
INSURANCE COMPANY,

    Plaintiff,

vs.                                          CASE NO. 3:12-cv-880-J-34TEM

DENISE MARY MCDONALD WADE, et. al.,

    Defendants.

## REPORT AND RECOMMENDATION[1]

This matter is before the Court for a report and recommendation on Plaintiff's Motion for Summary Final Judgment on its Complaint for Interpleader (Doc. #40, "Motion for Summary Judgment") and Plaintiff's Motion to Stay Action as to Plaintiff's Motion for Summary Judgment (Doc. #44, "Motion to Stay"), filed August 23, 2013 and September 27, 2013, respectively. For the reasons stated herein, the undersigned respectfully recommends the Court grant Plaintiff's Motion to Stay Action on Plaintiff's Motion for Summary Judgment pending finalization of the settlement agreement in St. Johns County Probate Court.

By way of background, Elizabeth McDowell Wade was the Owner, Annuitant and Payor of Transamerica Life Insurance Company annuity contract number 02WSF3XXX62 ("Transamerica Annuity"). Wade died on August 26, 2010 (Doc. #40 at 2). Transamerica believed that the named primary beneficiaries of the Transamerica Annuity were Denise

---

[1] Any party may file and serve specific, written objections hereto within FOURTEEN (14) DAYS after service of this Report and Recommendation. Failure to do so shall bar the party from a *de novo* determination by a district judge of an issue covered herein and from attacking factual findings on appeal. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(2); and Local Rule 6.02(a), United States District Court for the Middle District of Florida.

Mary McDonald Wade; Carolyn Wolfson Wade; Thomas Vester Stewart IV; Anthony McTavish Wade; Joseph Richard Wade; Malcolm Alexander Wade; Bonnie Wade Connor; and Dorothy Alice Wade Vuturo (Collectively, "Designated Beneficiaries"). Each was designated to receive 12.50% of the Transamerica Annuity proceeds (Doc. #41, Ex. C).

On or about January 17, 2011, Transamerica received a letter from Edward C. Akel, an attorney with Holbrook, Akel, Cold, Stiefel & Ray. P.A. advising Transamerica that he was "the attorney for Margaret Stewart who is the personal representative of the estate of Elizabeth McDowell Wade, deceased. Probate of the estate is pending in St. John's County, Florida." *Id.* at 3. Mr. Akel advised Transamerica to change the address on the Transamerica Annuity policy to Margaret Stewart's address in South Carolina. *Id.*

On or about February 7, 2011, Transamerica sent notifications to the Designated Beneficiaries of their putative interest in the proceeds of the Transamerica Annuity. Those notifications were sent to each of the Designated Beneficiaries in care of Margaret Stewart at her address in South Carolina (Doc. #41, Ex. C). Thereafter, some of the putative beneficiaries presented an executed Annuity Claimant's Statement thereby making claims for benefits under the Transamerica Annuity (Doc. #41, Ex. F).

Mr. Akel wrote Transamerica again on February 14, 2011, advising that "any beneficiary designation is invalid or was procured by undue influence due to the lack of capacity of Ms. Wade during the years 2007 through her death (Doc. #40 at 4). Mr. Akel further requested that Transamerica distribute the annuity to the Estate of Elizabeth Wade, writing "DO NOT PAY THE ANNUITY TO ANY PERSON OTHER THAN THE ESTATE." *Id.*

2

As a consequence of the multiple and conflicting claims and potential rights to the proceeds of the Transamerica Annuity, Transamerica filed a Complaint for Interpleader in this Court on August 6, 2012 (Doc. #1). Transamerica alleged no interest in this action other than to request that the Court determine the rights between the adverse claimants to the proceeds of the Transamerica Annuity, and, as applicable, make the proceeds available for distribution to the party or parties entitled to the same as determined by the Court (Doc. #40 at 4). Transamerica then moved the Court for summary judgment on August 23, 2013 (Doc. #40).

On September 27, 2013, Transamerica filed a motion requesting the Court stay action as to Plaintiff's Motion for Summary Judgment (Doc. #44). On September 3, 2013, the St. Johns County Probate Court entered an Order Approving Partial Settlement at Mediation in the case of *In Re: Estate of Elizabeth McDowell Wade, deceased,* Case Number CP10-0406, Circuit Court in and for St. Johns County, Florida. The order reflects an agreement among Defendants and other non-parties as to how they want the Transamerica proceeds paid (Doc. #44 at 2). The parties are in the process of resolving the Interpleader action, which has raised concerns for Transamerica regarding payment by Transamerica to persons who are not parties in this lawsuit nor listed as a Designated Beneficiary in the Transamerica Annuity. *Id.* Transamerica therefore requests the Court stay action on Plaintiff's Motion for Summary Judgment so the parties can prepare a Stipulation for Final Judgment which will address payment of the Transamerica Annuity and provide certain protections to Transamerica in conjunction with any payment of proceeds. *Id.* at 3.

The undersigned respectfully recommends this Court grant Plaintiff's Motion to Stay Action on Plaintiff's Motion for Summary Judgment. A "preliminary peek" at the merits of the allegedly dispositive motion reveals that Plaintiff's Motion for Summary Judgment is likely due to be granted if and when the parties finalize their settlement agreement in St. Johns County Probate Court. *See Feldman, et al. v. Flood et al.,* 176 F.R.D. 651, 652-53 (M.D. Fla. 1997) (denying a motion to stay discovery pending resolution of a motion to dismiss because a "preliminary peek" at the allegedly dispositive motion did not reveal, on its face, an immediate and clear possibility that the dispositive motion would be granted); *See also Hovermale v. School Board of Hillsborough County,* 128 F.R.D. 287 (M.D. Fla. 1989).

At that time, any conflict pertaining to the distribution of the Transamerica Annuity will be resolved without the necessity of interpleading monies into the registry of this Court. If and when the settlement agreement is finalized in St. Johns County Probate Court, or if and when the parties fail to finalize the settlement agreement, Plaintiff shall notify the Court within fourteen days. If the parties advise the Court they are unable to finalize their settlement agreement, Defendant shall respond to Plaintiff's Motion for Summary Judgment within twenty days. Further, the undersigned finds the parties and Court will benefit from a notification from Plaintiff every thirty days as to the status of the settlement agreement between the parties.

Thus, it is hereby **RECOMMENDED:**

1. Plaintiff's Motion to Stay Action as to Plaintiff's Motion for Summary Final Judgment (Doc. #44) be **GRANTED**.

2. The Court **STAY** Plaintiff's Motion for Summary Final Judgment on its

Complaint for Interpleader (Doc. #40) pending final resolution in St. Johns County Probate Court.

3. Plaintiff notify the Court within **fourteen days** of final judgment of the St. Johns County Probate Court as to distribution of the Transamerica Annuity, or notify the Court within **fourteen days** if the settlement agreement is not finalized.

4. If the parties are unable to finalize their settlement agreement, Defendant shall respond to Plaintiff's Motion for Summary Judgment (Doc. #40) within **twenty days**.

5. Plaintiff shall notify the Court every **thirty days** as to the status of the parties' settlement agreement.

**DONE AND ENTERED** at Jacksonville, Florida this 11th day of October, 2013.

THOMAS E. MORRIS
United States Magistrate Judge

cc:
The Hon. Marcia Morales Howard
All Counsels of record
    and *pro se* parties, if any